RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 1. Argued November 29, 1943.—Decided February 2, 1944.

38

*M. Rodríguez Ramos, Acting Attorney General, M. Velázquez Flores, Deputy Attorney General,* for petitioner. *J. J. Ortiz Alibrán, R. B. Pérez Mercado,* and *M. Reyes Serrano* for intervener, complainant in the main proceeding.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On January 15, 1941, the Puerto Rico Reconstruction Administration sold to Samuel Martín, by a public deed executed before Notary R. B. Pérez Mercado, a property of 104.94 acres (*cuerdas*) situated in the wards of Pueblo and Palma, in the town of Arroyo. Although it was stated in said deed that the sale had retroactive effect to December 31, 1940, the property was not actually delivered by the vendor to the purchaser until January 25, 1941, and besides it was not until February 12, 1941, that the conveyance was recorded in the Registry of Property of Guayama.

On October 16, 1941, the Treasurer of Puerto Rico assessed the property at $27,680 for the purpose of levying the property taxes corresponding to the year 1941-42, and notified the purchaser, Samuel Martín, of said assessment. Thereupon Mr. Martín appealed before the Court of Tax Appeals and alleged, 1, that the property was exempt from

taxation corresponding to the year 1941–42, because on January 15, 1941, the property belonged to the Government of the United States who was in possession of the same; 2, that the assessment was defective in so far as it was not uniform; and 3, that the fair value of the property was $20,980. In his answer, the Treasurer denied that the property was exempt from taxation, and alleged, on the contrary, that the sale of said property was made on January 15, 1941, with retroactive effect to December 31, 1940, and therefore its owner was not the Government of the United States, but Samuel Martín. However, the Treasurer admitted in a stipulation that the deed of sale was not recorded in the registry until February 12, 1941. At the hearing held by the Court of Tax Appeals the complainant proved that it was not until January 25, 1941, that the Puerto Rico Reconstruction Administration authorized him, as purchaser, to take possession of the property sold, and that it was on that date that he really took possession of the same. (See the letter of January 25, 1941, addressed to Mr. Martín by Mr. Francisco Colón Moret, Chief, Division of Services of Central Lafayette, at the request of Mr. Fairbanks, Administrator of said Central (Plaintiff's Exhibit A) and also the testimony of Mr. Colón before the Court of Tax Appeals, wherein he expressly stated that he had delivered the property to Mr. Martín on January 25, and that prior to that date Mr. Martín did not have possession of the same (Tr. of Ev., pp. 16–17), thus corroborating the testimony of the complainant himself (Tr. of Ev., pp. 25, 27, 33).)

Furthermore, it is expressly stated in said Exhibit "A" as follows: "Please take notice that hereafter all charges upon said parcel will be for your account." The evidence for the complainant was not contradicted at all by the Treasurer.

The Tax Court rendered a decision in favor of the complainant whereby it held that complainant's property was

exempt from assessment for tax purposes corresponding to the year 1941–42. The Treasurer of Puerto Rico, pursuant to Act No. 169 of 1943, filed this petition for certiorari for a review of said decision and assigned, as the only error committed by the Tax Court, the following:

". . . Notwithstanding the fact that Mr. Samuel Martín did not take actual possession of the property until January 25, however, since the deed of sale was executed on January 15, from that date on he was the sole and true owner of the property in question. The contract was consummated by means of the execution of a deed of sale between the vendor and the vendee."

Section 298 of the Political Code provides, in its pertinent part, as follows:

"That all real property shall be assessed in the municipality in which the real property lies to the person who is either the owner or in possession thereof on the fifteenth day of January, and the person appearing of record on the fifteenth day of January shall be held to be the true owner thereof . . ."

The appellant maintains that the owner of the property sold on January 15, 1941, was Samuel Martín, the purchaser, according to the second paragraph of § 1351 of the Civil Code, which provides that: "When the sale should be made by means of a public instrument, the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear or may be clearly inferred," and that, therefore, the last phrase of § 298 of the Political Code, *supra,* in the sense that "the person appearing of record on the fifteenth day of January shall be held to be the true owner thereof," has no application.

In our opinion, the appellant is wrong. In the case of *Emanuelli* v. *Cadierno,* 50 P.R.R. 128, where § 1351, *supra,* was construed and applied, and confirming the previous decision in *López* v. *Lizardi,* 27 P.R.R. 691, it was held that: "The execution of a deed of sale gives rise to the presump-

tion *juris tantum*, of delivery. In the normal order of things the presumption is equivalent to the fact, but if as a matter of fact a contrary case should arise, the symbolic delivery recognized by §1365 of the Civil Code (now 1351) would not finally decide the question." And, further, referring to the evidence offered in the case, it was said at page 138:

"And here the evidence presented gives rise to the conviction that in fact the lot facing the highway was never delivered by the defendant to the plaintiff, nor did the latter take material possession of it or benefit from it in any way, for which reason we can not agree with the trial judge that, as to that lot, there was a truly *consummated and perfected* contract. . . ." (Italics ours.)

Since it appears from the evidence in the case at bar that Samuel Martín did not take possession of the property until January 25, it was not until said date that the contract was consummated, even though it was perfected when the deed was executed on January 15. Sec. 1339 of the Civil Code; *Varcárcel v. Sancho, Treas.*, 61 P.R.R. 209. We must conclude, therefore, that the lower court did not err in holding that on January 15, 1941, the owner of the property was, accordnig to § 298 of the Political Code, *supra*, "the person appearing of record on that date," that is, the Puerto Rico Reconstruction Administration, and, consequently, that the property was exempt from taxation for the year 1941–42.

In the case of *Teachers' Ass., etc. v. Treasurer*, 54 P.R.R. 511, wherein we amply cited from Cooley on Taxation, volume 3, page 2138, § 1062, we upheld the contention of the Treasurer of Puerto Rico to the effect that pursuant to § 298 of the Political Code, *supra*, "any change intervening in the ownership or in the taxable nature of the property subsequent to January 15th, though it occur prior to July 1st when the instalment for the first semester of the tax becomes due, does not affect the liability of the owner listed as of January 15th."

42

In that case the situation was the opposite to the one in the case at bar. There it was the purchaser who was exempt from taxation and we held that "In cases of sale to transferees who are themselves exempt from taxation, it has been held that the owner of the land at the time of the assessment (January 15) becomes personally liable to pay the taxes imposed thereon. (Citing authorities.)" (Parenthetical matter supplied.)

The fact that in the deed the sale appeared with a retroactive effect to December 31, 1940, has no legal force whatsoever with respect to the controversy involved herein.

The petition must be denied and the writ issued annulled.